PONTCHARTRAIN RAILROAD COMPANY *v.* LAFAYETTE AND PONTCHARTRAIN RAILROAD COMPANY.

The exclusive privilege, vested in the plaintiffs, by the Act of 1830, to construct a railroad, within certain limits, must be construed with reference to the extent of the city of New Orleans, at the time of the passage of the Act.

In the year 1830, Jackson street, now in the Fourth District, was within the limits, in which the Pontchartrain Railroad Company had the exclusive right for twenty-five years, of constructing a railroad to Lake Pontchartrain.

The construction of a railroad by defendants, in Jackson street, within twenty-five years from the 26th of January, 1830, is an infringement of the rights of the plaintiffs and therefore unlawful.

APPEAL from the Second District Court of New Orleans, *Lea,* J.
*Mott & Frazer* and *Eustis,* for plaintiffs and appellants. *Michel & Gilmore,* for defendants.

BUCHANAN, J. The Act of the Legislature incorporating the Pontchartrain Railroad Company, approved the 26th January, 1830, in its 5th Section, contained the following clause : "and it is stipulated and agreed that for and during the space of twenty-five years, from the passage of this Act, said corporation shall have the exclusive right and privilege of constructing and using a railroad or railway, leading to and from the city of New Orleans, its faubourgs and the incorporated limits thereof, to and from Lake Pontchartrain ; and that during that period no other body corporate or person or persons, shall make any similar road for the transportation of passengers or property, between said

SUCCESSION OF
FORTIN.

PONT'TRAIN R. R.
*v.*
LAFAYETTE R. R.

city, its faubourgs, and the incorporated limits thereof, and said Lake, or be invested with any similar privileges."

The petition in this case alleges, that the defendants, a corporation formed under the general corporation law of the State, have so incorporated themselves for the purpose of constructing and using a railroad from the Mississippi river along Jackson street, in the Fourth District of the city of New Orleans, to the Lake Pontchartrain, with the intention of transporting passengers and property between the city of New Orleans and said lake; that the said Company has commenced the construction of said railroad, having laid out the line thereof, and levelled and graded a great portion thereof; and that the railroad thus laid out and being constructed, is a direct violation of the exclusive privilege given by the charter of plaintiffs.

After an exception, that the petition contained no cause of action, which was properly overruled, the defendants answered, acknowledging that they have incorporated themselves under the State law, for the purpose of constructing a railroad, as alleged by plaintiff, from the Mississippi river, running through Jackson street, in the Fourth District, of the city of New Orleans, to the Lake Pontchartrain; and have commenced the construction of said railroad. But they aver that the construction of such railroad does not infringe the plaintiffs' exclusive privilege, inasmuch as defendants' proposed road is entirely within the parish of Jefferson.

The Fourth District of the city of New Orleans occupies territory, which previously to the Constitution of 1852, was part of the parish of Jefferson. That Constitution, Article 8, made it a portion of the parish of Orleans. But both before and after the adoption of that Constitution, the said territory was under a municipal organization, namely: from the year 1818 to the year 1833, under that of New Orleans, being within the corporate limits of said city, and from 1833 to 1852, constituting a separate municipal corporation, entitled the city of Lafayette. The exclusive privilege vested in plaintiffs by the Act of 1830, must be construed in reference to the extent of the city of New Orleans at the date of the passage of that Act. See the case of the *City of New Orleans* v. *Anderson*, 9 An.

There is no question, that Jackson street in the present Fourth District of the city of New Orleans, the place where the defendants' railroad is located, is within the limits to which the plaintiffs had the exclusive right for twenty-five years from and after the 26th January, 1830; and as this action was brought within that period of time, the plaintiffs must recover. The proof of damage caused by the acts of defendants in the premises, is entirely too vague to form the basis of a judgment. Our decree must, therefore, be, for nominal damages only, as a vindication of the right of property against its deliberate violation.

It is, therefore, adjudged and decreed, that the verdict and judgment appealed from, be reversed, and that plaintiffs recover of defendants ten dollars damages, with costs in both courts.